**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 260180-U

Order filed August 6, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| CAITLYN O'BRIEN, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Petitioner-Appellee, | ) | La Salle County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-26-0180 |
| | ) | Circuit No. 24-FA-20 |
| JOSHUA GUYNN, | ) | |
| | ) | Honorable |
| Respondent-Appellant. | ) | Jason A. Helland |
| | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Petitioner's brief failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), resulting in forfeiture of his arguments on appeal. Affirmed.

¶ 2    Respondent, Joshua Guynn, appeals the trial court's order allowing petitioner, Caitlyn O'Brien, to relocate to Florida with the parties' two minor children. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Joshua and Caitlyn met in Florida in 2018. They lived together in Florida for a year before moving to Joshua's home in La Salle, Illinois. The parties' first child was born in September 2020. Their second child was born in August 2022.

¶ 5        In December 2022, Caitlyn moved out of the parties' shared residence and, a short time later, rented an apartment in Earlville, Illinois. The parties had an informal parenting-time arrangement under which the parties had alternating half-week periods.

¶ 6        In February 2024, Caitlyn petitioned "to establish a parental responsibility order." She sought orders temporarily and permanently allocating parental responsibilities and for temporary and permanent child support. Joshua retained counsel and answered the petition.

¶ 7        In April 2024, Joshua petitioned for temporary relief. He alleged Caitlyn picked up the children for parenting time in March 2024, and, without telling him, took the children to Florida, where she remained for six weeks. He alleged Caitlyn had refused to communicate with him or his mother and had refused to allow Joshua any contact with the children. Joshua asked the court to order Caitlyn to return to Illinois with the children and to enter a temporary parenting-time schedule.

¶ 8        In August 2024, the court entered a temporary parenting-time order, under which Joshua had supervised parenting time on Saturdays and Sundays from noon to 4 p.m. In December 2024, the court modified the schedule by agreement, granting each party alternating two-week periods with the children.

¶ 9        In December 2024 and February 2025, Joshua petitioned for rules to show cause, asserting Caitlyn had violated the August and December temporary orders by taking the children to Florida, which prevented Joshua from exercising his parenting time. The court later held Caitlyn in contempt and sentenced her to 60 days in jail (the execution of which was stayed for one week).

To purge the contempt, Caitlyn was to return the children to Illinois within 72 hours. Caitlyn returned with the children, and the court discharged the rule. Thereafter, Caitlyn split her time between Florida and Illinois. During Joshua's parenting time, Caitlyn resided and worked in Florida. She returned to her apartment in Earlville every two weeks to exercise her parenting time.

¶ 10        In March 2025, Caitlyn gave notice, under section 609.2 of the Illinois Marriage and Dissolution of Marriage Act (Act), of her intent to relocate with the children to Florida. 750 ILCS 5/609.2 (West 2024). Joshua objected. The sole basis of his objection was that Caitlyn had taken the children to Florida in violation of the temporary orders and had been held in contempt as a result.

¶ 11        In July 2025, Caitlyn petitioned to relocate, asserting it was in the children's best interest that she be allowed to relocate with them to Florida. Before trial on the petition, the parties mediated their dispute and settled all issues except for relocation. (The parties reached an agreement on decision-making and child support. They also agreed on alternative parenting-time schedules, depending on how the court decided the relocation issue.)

¶ 12        The trial on Caitlyn's relocation petition took place on December 16 and 17, 2025. Caitlyn's evidence consisted of her testimony, Joshua's testimony (as an adverse witness), text messages between the parties, a letter from her employer stating that her biweekly travel to Illinois was preventing her from being promoted from assistant to general manager, and printouts containing information about elementary schools in La Salle and Earlville and an elementary school in Florida that the children would attend if relocation was allowed. Joshua's evidence consisted of his and his mother's testimony.

¶ 13        The court granted Caitlyn's petition, explaining its reasoning in open court. The court went through each of the factors listed in section 609.2 of the Act, discussing the relevant evidence and

3

determining in which party's favor each factor weighed. The court found, on balance, the evidence established that relocation was in the children's best interest. The court later entered a written order, memorializing the disposition of all issues.

¶ 14     This appeal followed.

¶ 15                                         II. ANALYSIS

¶ 16     Joshua, who now represents himself, contends the trial court's order allowing Caitlyn to relocate with the children to Florida was against the manifest weight of the evidence. He asserts the trial court either failed to consider or assigned improper weight to the evidence supporting his position. He also contends the trial court erred by "not taking into consideration that the respondent had ineffective assistance of counsel."

¶ 17     Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) governs the form and content of appellate briefs. Rule 341's requirements "are not mere suggestions but, rather, are mandatory and have the force of law." *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30. Indeed, "the presumption must be that [the rule] will be obeyed and enforced as written." (Internal quotation marks omitted.) *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002). Joshua's brief is deficient in several respects.

¶ 18     We begin with a material deficiency that requires us to affirm the trial court's judgment. Rule 341(h)(7) requires the argument section of an appellant's brief to "contain the contentions of the appellant and the reasons therefor, with citations of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). To aid our consideration of the appellant's argument, Rule 341(h)(1) requires the appellant's brief to contain a table of contents, "including a summary statement, entitled 'Points and Authorities,' of the points argued and the authorities cited in the Argument." Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). This summary statement must "consist

4

of the headings of the points and subpoints as in the Argument, with the citation under each heading of the authorities relied upon or distinguished, and a reference to the page of the brief on which each heading and each authority appear." *Id.*

¶ 19 Joshua's brief purports to contain a compliant table of points and authorities. He lists the headings of the points of his argument and lists various authorities under those headings, and he references the pages of the brief on which those points and authorities purportedly appear. However, while the points appear on the referenced pages, the authorities do not. Indeed, the argument section of Joshua's brief lacks *any* citation of legal authority (aside from his erroneous citation of authorities purportedly stating our standard of review).

¶ 20 Joshua makes some effort to present this court with an argument. He discusses some of the trial evidence; he provides, in some instances, a reference to the pages of the record where that evidence is found; and he coherently explains, in some instances, how the cited evidence supports his position. (In other instances, Joshua merely lists vague allegations of error.)

¶ 21 Rule 341(h)(7) requires more. A party's argument must be supported by citation of relevant legal authority. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Indeed, the reviewing courts of this state have repeatedly explained that " '[c]ontentions supported by some argument but by absolutely no authority do not meet the requirements of Rule 341[(h)](7).' " (Alteration in original.) *Vilardo v. Barrington Community School Dist. 220*, 406 Ill. App. 3d 713, 720 (2010) (quoting *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991)); see *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) ("Both argument and citation to relevant authority are required.").

¶ 22 As noted, the argument section of Joshua's brief is entirely devoid of any citation of authority. He does not even cite section 609.2 of the Act, the statute governing relocation. Further, Joshua states in two places that "case law" supports his argument: (1) "Case law supports that

5

courts prefer children to spend time with a parent who is available rather than with a babysitter"; and (2) "Case law asks that the children be with the parent that is able to spend more time performing caretaking functions." However, Joshua cites no authority for these assertions.

¶ 23    We have repeatedly cautioned litigants that this court is not a depository into which a party may dump the burden of argument and research. *People v. Woods*, 2024 IL App (3d) 230592, ¶ 31. Joshua's status as a self-represented litigant does not excuse him from complying with Rule 341. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Because Joshua has not supported his argument with citations of authority, he has not "argued" this appeal within the meaning of Rule 341(h)(7). See *Vilardo*, 406 Ill. App. 3d at 720. "Points not argued are forfeited." Ill. S. Ct. R. 341(h)(7) (Oct. 1, 2020).

¶ 24    Joshua has forfeited each and every one of his arguments. As a result, Joshua has failed to establish an error in the proceedings below warranting relief. See *Woods*, 2024 IL App (3d) 230592, ¶ 31 (noting the burden is on the appellant to establish error that warrants relief). We therefore affirm the trial court's judgment.

¶ 25    Joshua's brief is deficient in other respects, and, while these deficiencies do not result in forfeiture of his arguments, they have frustrated our review. Rule 341(h)(3) requires the appellant, among other things, to "include a concise statement of the applicable standard of review for each issue, with citation to authority, either in the discussion of the issue in the argument or under a separate heading placed before the discussion in the argument." Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). Joshua recites a standard of review for each of his listed issues and cites various authorities. Those authorities, however, do not set forth the applicable standard of review. For example, in asserting the applicable standard is manifest-weight review, Joshua cites various sections of the Act—such as sections 510, 601.2, 602.5, and 602.7 (750 ILCS 5/510, 601.2, 602.5,

6

602.7 (West 2024))—and various other statutes—including sections of the Uniform Child-Custody Jurisdiction and Enforcement Act (750 ILCS 36/101 *et seq.* (West 2024)) and the Children and Family Services Act (20 ILCS 505/1 *et seq.* (West 2024)). None of the cited statutes state the standard of review to be applied to a court's decision on relocation. Joshua also cites cases—such as *In re D.T.*, 212 Ill. 2d 347 (2004), *Shaffner v. Shaffner*, 2013 IL App (5th) 130021-U, and *In re Marriage of Alden*, 2014 IL App (2d) 121046-U—that do not set forth the standard of review applicable to relocation decisions.[1]

¶ 26        Rule 341(h)(4)(ii) requires an appellant to provide this court with "a brief, but precise statement or explanation" of the jurisdictional basis for the appeal. Ill. S. Ct. R. 341(h)(4)(ii) (eff. Oct. 1, 2020). This requires the appellant to state the supreme court rule or other law that confers jurisdiction upon this court, the facts of the case which bring it within this rule or law, and the date the order being appealed was entered. *Id.* The statement of jurisdiction must also include "any other facts which are necessary to demonstrate that the appeal is timely." *Id.*

¶ 27        Joshua states this appeal is brought under Illinois Supreme Court Rule 304(b) (eff. Mar. 8, 2016). Notwithstanding the requirement that he state the facts demonstrating the applicability of this rule (Ill. S. Ct. R. 341(h)(4)(ii) (eff. Oct. 1, 2020)), Joshua has not identified what claims remain pending in the trial court, and our review of the record shows there are none. See Ill. S. Ct. R. 304(b) (Mar. 8, 2016) (permitting immediate appeals from final orders which dispose of fewer than all claims or parties). Thus, while Joshua may only be challenging the relocation aspect of these proceedings, and not the allocation judgment or support order, this appeal is properly brought under Rule 301. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) (permitting immediate appeal from final

---

[1]Joshua's reliance on two nonprecedential Rule 23 orders decided before January 1, 2021, is improper. Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025).

judgments that dispose of an entire proceeding); see also *O'Banner v. McDonald's Corp.*, 173 Ill. 2d 208, 211 (1996) (holding that a party's citation of the wrong jurisdictional rule is a "mistake *** of no consequence"). Putting Joshua's reference to the wrong rule aside, his statement of jurisdiction is patently defective in that it fails to state any facts whatsoever. Thus, his statement of jurisdiction necessarily does not demonstrate how this appeal was timely.[2]

¶ 28    Rule 341(h)(6) requires an appellant's brief to include a statement of facts, "which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020).

¶ 29    Joshua's statement of facts fails to set forth the facts necessary to an understanding of the case. Joshua is challenging the trial court's judgment as against the manifest weight of the evidence. See *In re Marriage of Levites*, 2021 IL App (2d) 200552, ¶ 69 (noting the applicable standard of review is manifest-weight review). However, Joshua's statement of facts does not summarize *any* of the evidence that was presented at the trial on Caitlyn's relocation petition. Instead, Joshua's statement is essentially a detailed table of contents to the record, though in several instances he does not provide a reference to the pages of the record where the pleadings or orders he lists can be found.

¶ 30    Before concluding, we note that we would not disturb the judgment even if we overlooked Joshua's forfeiture. We have reviewed the evidence presented at trial and conclude it did not clearly call for the denial of Caitlyn's petition. See *In re P.D.*, 2017 IL App (2d) 170355, ¶ 18

---

[2]Our own independent assessment (*Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994)) leads us to conclude that we have jurisdiction. The final order resolving all issues was entered on March 11, 2026. Joshua filed his notice of appeal within 30 days, on March 27, 2026. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a)(1) (eff. July 1, 2017).

(explaining a judgment is against the manifest weight of the evidence "only if the evidence clearly calls for a conclusion opposite to that reached by the trial court" (internal quotation marks omitted)). In addition, Joshua's ineffective-assistance-of-counsel claim is improper in these proceedings. *People ex rel. Director of Department of Corrections v. Melton*, 2014 IL App (4th) 130700, ¶ 18 (noting a civil litigant may not make ineffective-assistance claims except where the right to counsel is guaranteed by statute).

¶ 31                                    III. CONCLUSION

¶ 32        We affirm the judgment of the circuit court of La Salle County.

¶ 33        Affirmed.